Steven Souve, Pro Se
Register No. 05069-070
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

**(HONORABLE RONALD R. LAGUEUX)**

| | |
|---|---|
| STEVEN J. SOUVE, (2)<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 01-107-L<br><br>**MOTION FOR ENLARGEMENT OF TIME TO FILE MOTION TO VACATE, SET-ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255** |

COMES NOW, Steven J. Souve, Petitioner, Pro-Se, and respectfully moves this Honorable Court for an order to enlarge time within which to file motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255. This motion to enlarge is based upon statement of facts, memorandum of points and authorities, with supporting attachments.

I.

STATEMENT OF FACTS

On November 6, 2001, a federal grand jury in the District of Rhode Island returned a one-count indictment against the Petitioner for allegedly violating 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A) and 846, conspiracy to manufacture more than 1,000 marijuana plants and to possess with intent to distribute a schedule I controlled substance.

On December 13, 2002, after a nine-day trial, a jury convicted the Petitioner.

On March 4, 2003, this Court sentenced the Petitioner to 151 months imprisonment and 5 years of supervised release to run consecutive to the aforementioned prison term.

On March 15, 2004, the United States Court of Appeals for the First Circuit affirmed the judgment of this Court.

On April 15, 2004, the Court of Appeals denied petition for rehearing en banc. No petition for writ of certiorari was filed to the United States Supreme Court.

On July 12, 2005, the Petitioner filed a motion to vacate, set-aside or correct sentence pursuant to 28 U.S.C. § 2255 in this Court. In the motion, the Petitioner raised seven issues but was unable to articulate his claims due to defense counsel, John F. Cicilline, not producing a copy of the transcripts and record for Petitioner to review. See Attachment A; and Attachment B Declaration of Stèven J. Souve, filed herewith and fully incorporated hereto.

This motion for enlargement follows.

II.

## MEMORANDUM OF POINTS AND AUTHORITIES

A federal conviction for the purposes of the one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255 becomes final when the time for filing a petition for writ of certiorari expires. See Clay v. United States, 537 U.S. 522 (2003).

The conviction and sentence in this case was affirmed by the First Circuit on March 15, 2004. The petition for rehearing en banc was denied by the First Circuit on April 15, 2004. See United States v. Souve, 03-1343 (1st Cir. 2004). The First Circuit's mandate issued on April 22, 2004. See Fed. Rules App. Proc. 41(b)("The court's mandate must issue 7 calendar days after the time to file a petition for rehearing expires, or 7 calendar days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later.").

Because the Petitioner did not file a petition for certorari, the time in which he could have petitioned for certorari expired on July 13, 2004, 90 days after entry of the First Circuit's judgment denying petition for rehearing en banc. See Sup. Ct. Rule 13(1); Clay, 537 U.S. at 524. Thus, the motion pursuant to § 2255 filed on July 12, 2005, is timely. See Houston v. Lack, 487 U.S. 266 (1988)(A prisoner's motion pursuant to § 2255 "is 'filed' at the moment it is placed in the mail addressed

to the clerk of court")(citations omitted).

This Honorable Court has authority to equitable toll the statute of limitations after a § 2255 motion has been filed. See United States v. Riggs, 314 F.3d 796, 799 n.6 (5th Cir. 2002); Green v. United States, 260 F.3d 78, 82 (2d Cir. 2001); Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000); United States v. Willis, 202 F.3d 1279, 1281 n.2 (10th Cir. 2000); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

In Green, the Second Circuit held: "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon **or after** filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitable tolling the limitations period." Id. at 82-83 (emphasis added).

The Petitioner respectfully submits that this case at bar meets "rare and exceptional circumstances" warranting equitable tolling of the statute of limitations. The Petitioner has consistently attempted to retain the transcripts and documents needed to articulate his claims in the § 2255 motion from John F. Cicilline, Esquire, but has not received any of the requested documents. See Attachment A; and Attachment B Declaration of Steven J. Souve.

A similar inquiry arose in United States v. Battle, 362 F.3d 1195 (9th Cir. 2004); although in that case the attorney did

not deliver "the complete set" of transcripts, and the petitioner did not file a timely § 2255 motion. In Battle, the petitioner filed his § 2255 motion more than one year after the date of denial of certorari. Id. at 1196 The District Court sua sponte denied the petition as untimely. Id.

Battles, "then, requested reconsideration on the basis that he had not been able to obtain the trial transcripts from his attorney, who was improperly withholding them and refusing to cooperate." Id. The District Court denied the motion on the basis that Battles "did not actually need those transcripts in order to file his petition with the court." Id.

The Ninth Circuit reversed, holding that:

> "There are no cases in this circuit determining whether an attorney's failure or refusal to provide a habeas client with important parts of his legal file may rise to the level of 'extraordinary circumstances' for purposes of equitable tolling. We prefer not to decide that question here, because the factual record is insufficiently developed ... [T]he district court in Ford's case did not give the petitioner an opportunity to amend his petition or expand his declaration and did not hold an evidentiary hearing. Because equitable tolling issues 'are highly fact-dependent, and because the district court is in a better position to develop the facts and assess their legal significance in the first instance,' we remand Ford's additional ... claims to the district court with instructions that it develop an adequate evidentiary record before again determining whether the statute of limitations should be equitably tolled as to those claims."

Id. at 1198 (quoting Ford v. Hubbard, 330 F.3d 1086, 1107 (9th Cir. 2003), reversed on other grounds, Pliler v. Ford, 542 U.S. __, 159 L.Ed.2d 338, 124 S.Ct.__(2004)).

The Ninth Circuit reasoned: "We see no principled distinction between this case and Ford, and because justice demands ...

we must remand for a further development of the record on the issue of just what counsel did or did not do, and on the issue of causation." Id.

In the case at bar, the Petitioner's counsel has not provided him with **any** transcripts or documents to prepare the motion to vacate currently pending before this Honorable Court. The Petitioner has been forced to file a § 2255 motion without being afforded the opportunity to articulate his claims. The Petitioner respectfully submits that this is a violation of his Fifth Amendment rights under the Due Process Clause.

The adequate remedy would be to toll the statute of limitations for a minimum of 90 days, allow the Petitioner to review the record (a motion for production of documents is filed herewith), and to grant leave to amend the § 2255 motion under Fed. Rules of Civil Proc 15(a). Or in the alternative, this Honorable Court should set this matter for an evidentiary hearing to expand the record on this matter.

III.

CONCLUSION

Wherefore, the Petitioner respectfully requests that this Honorable Court toll the statute of limitations for 90 days, or in the alternative, set this matter for an evidentiary hearing.

Respectfully Submitted,

Dated: July 19, 2005

STEVEN J. SOUVE, Pro-Se

Steven J Souve
Reg. No. 05069-070
FCI FORT DIX
P.O. BOX 38
FORT DIX, NJ 08640

March 28, 2005

John F. Cicilline
Attorney-at-law
Donte State Bank Building
381 Atwells Avenue
Providence, RI 02909

Re: STEVEN J. SOUVE -vs- UNITED STATES OF AMERICA
Docket No. 03-1343
Entreating retaintion of Indictment and PSI

Dear Jack,

It has become of the highest magnitude of paramoumt importance that I write to you at this time. Jack you know my deadline for post conviction relief is near. Clay v. United States, 537 U.S. U.S.____, 155 L.Ed. 2d 88, 123 S.Ct. 1072, No. 01-1500; the Supreme Court unanimously decided that a defendant who filed a direct appeal would enjoy the additional three months for the certorari period. My deadline date is July 15, 2005.

Jack due to recent Supreme Court jurisprudence on the Sixth Amendment everything the district court and the appeals court did was totally erroneous. The relevant conduct that was used, that was not charged in the indictment, must come off Jack.

Jack, Booker, is retroactive not only to initial habeas petitioner's but to successive and second successive petitions. Jack, I am enclosing a copy of the Booker, retroactivity argument for you to review. The more the courts try to prove it wrong the more right it will become. Jack, I also need for you to send me a copy of the Indictment, and the PSI. Jack please send the papers to me that I ask for through the regular mail please do not mark it Attorney Client privilege, Jack please don't mark it; that way I'll be sure to get it without it being scrutinized.

In conclusion please permit me to thank you for that of your time and that of your most kind and immediate attention towards this procedural request.

Yours truly,

STEVEN J. SOUVE

CERTIFICATE OF SERVICE

I STEVEN J. SOUVE do hereby certify that the original copy of letter titled entreating retaintion of Indictment and PSI along with notice of supervening changes in the law was sent to Jack F. Cicilline upon the address of Dante State Bank Building 381 Atwells Avenue, Providence RI 02909 by U.S. first class mail this 28 day of march 2005.

Steven J. Souve

STEVEN J. SOUVE

DECLARATION OF STEVEN J. SOUVE

I, Steven J. Souve, under the penalty of perjury, declare as follows:

1. I am the Petitioner in this case and am fully competent to testify hereto.

2. On March 28, 2005, I sent a letter (Attachment A) to my attorney, John F. Cicilline, requesting production of my court documents so that I could prepare a motion pursuant to 28 U.S.C. § 2255. Mr. Cicilline did not comply with my request and never produced any of my transcripts and records.

3. On July 12, 2005, I filed my motion pursuant to 28 U.S.C. § 2255 in this Court. I was unable to articulate my claims due to not having a copy of my transcripts and documents.

4. I cannot articulate my claims without a copy of the transcript and records.

5. I cannot recall all the facts after a nine-day jury trial. I so declare this 19th day of July 2005.

Respectfully Submitted,

STEVEN J. SOUVE, Pro-Se

## CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that a true and correct copy of the foregoing was mailed to the below named individual:

Donald C. Lockhart
Gerard B. Sullivan
Assistant United States Attorneys
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dated: July 19, 2005

STEVEN J. SOUVE, Pro-Se