IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEVEN J. SOUVE | ) | |
| | ) | |
| v. | ) | CA. No. 05-0316L |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

# GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

## I. INTRODUCTION

The defendant, Steven J. Souve ("Souve"), was convicted on December 13, 2002, of conspiracy to manufacture and possess with intent to distribute marijuana. He was sentenced on March 4, 2003, to 151 months imprisonment. His conviction and sentence were affirmed by the First Circuit on March 15, 2004.[1] Mandate issued and Souve's conviction became final on April 22, 2004. He had until April 22, 2005, to file a motion pursuant to § 2255.

Souve late filed this motion on July 12, 2005. Souve alleges seven general grounds that he claims would justify vacating the conviction and sentence:

1. "Conviction Obtained By Use of Evidence Gained Pursuant to an Unconstitutional Search and Seizure"

2. "Conviction Obtained By Use of Evidence Obtained Pursuant To An Unlawful Arrest."

---

[1] Souve has a separate appeal pending from the District Court's denial of a post conviction motion filed under Rule 35 of the Federal Rules of Criminal Procedure.

3. "Conviction Obtained By The Unconstitutional Failure Of The Prosecution To Disclose To The Defendant Evidence Favorable"

4. "Denial of Effective Assistance of Counsel"

5. "Denial of Effective Assistance Of Counsel On Appeal"

6. "Denied Fifth Amendment Grand Jury Right To Have All Facts Legally Essential To The Punishment To Be Charged In The Indictment"

7. "Denied Sixth Amendment Right To Have The Jury Determine Beyond A Reasonable Doubt All Facts Legally Essential To The Punishment To Be Inflicted"

Beyond stating these general grounds for relief, Souve provides no supporting facts or reasoning that would justify his request.

The United States maintains that Souve is procedurally time-barred from pursuing this action. Even if he were not defaulted, Souve has failed to state a claim upon which relief could be granted. This motion should be denied and dismissed.

II. ARGUMENT

As to each of his grounds for relief, Souve provides only this statement of supporting facts:

> The petitioner is unable to articulate this claim because defense counsel has refused to provide record. A motion to equitably toll the statute of limitations and motion for production of documents at government expense will immediately be filed after the filing of this motion.

Even though Souve has provided absolutely no facts or reasoning to support his claims, it appears that all can be dismissed as procedural defaulted and that most, if not all, can be dismissed on the cause and prejudice standard. Souve's first and second grounds for relief allege that evidence used to convict him was unconstitutionally obtained. Such a claim could have been the subject of pretrial motions and should have been reviewed on direct appeal. In his § 2255 pleading, Souve explained, "constitutional error for § 2255 proceeding." That explanation does not excuse the failure to pursue a direct appeal and these grounds should be dismissed.

In his third complaint, Souve asserts that the prosecution failed to disclose exculpatory evidence. It is inconceivable how Souve can make this accusation without knowing what evidence was withheld. Nevertheless, he fails to identify any evidence that was denied him and how it prejudiced his case. He does not assert that this is newly discovered evidence nor does he explain why he could not have pursued remedies at trial or on appeal.

Similarly, in his fourth and fifth grounds for redress, Souve blindly asserts that he was denied effective assistance of counsel. It is again inconceivable that Souve could make this accusation without knowing how his counsel was deficient yet he cites no supporting facts to justify this claim. Although effective assistance of counsel is a matter typically reserved

for § 2255 proceedings, the government is unable to respond without any indication from Souve about the facts that form the basis for his dissatisfaction with counsel. Although Souve is a pro se litigant, he still carries the burden of persuasion and his utter failure to raise an issue upon which relief could be granted should result in dismissal of these claims.

Finally, in counts six and seven, by complaining that the indictment failed to charge facts essential to punishment, and that the jury failed to determine beyond a reasonable doubt all facts legally essential to punishment, Souve appears to be raising a Booker issue. United States v. Booker, 125 S.Ct. 738 (2005). It is now well established that Booker is not retroactively applicable on § 2255. Cirilio-Munoz v. United States, 404 F.3d 527 (2005); United States v. Fraser, 402 F.3d 9 (2005).

## III. CONCLUSION

The United States, therefore, requests that Souve's motion under 28 USC § 2255 to vacate, set aside, or correct sentence by a person in federal custody be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

Gerard B Sullivan

GERARD B. SULLIVAN
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of September 2005, I served a copy of the within Government's Objection To Defendant's Motion Under 28 USC § 2255 To Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody, by mailing same, postage prepaid, to:

Steven J. Souve, 05069-070
Pro Se
FCI, Fort Dix
Federal Correctional Institution
Fort Dix, New Jersey 08640

Paulette E. Gamache