Steven Souve, Pro-Se
Register No. 05069-070
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

**(HONORABLE RONALD R. LAGUEUX)**

| | |
|---|---|
| STEVEN J. SOUVE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 05-0316L<br><br>**MOTION FOR ENLARGEMENT OF TIME TO FILE TRAVERSE TO THE GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY** |

COMES NOW, Steven Souve, Petitioner, and respectfully moves this Honorable Court pursuant to Rule 5(d) of the Rules Governing Section 2255 Proceedings, and Rule 6(b) of the Federal Rules of Civil Procedure, to enlarge the time for 60 days to file a traverse to the government's answer. The Petitioner has not received any documents ordered by this Court to be produced by the government, and these documents are needed to adequately respond to the government's opposition. A declaration in support of this motion is filed herewith and fully incorporated hereto.

Respectfully Submitted,

Dated: September 13, 2005

STEVEN J. SOUVE, PRO-SE

**DECLARATION OF STEVEN SOUVE**

I, Steven Souve, under the penalty of perjury, declare as follows:

1. On November 6, 2001, a federal grand jury in the District of Rhode Island returned a one-count indictment against me for allegedly violating 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A) and 846, conspiracy to manufacture more than 1,000 marijuana plants and to possess with intent to distribute a schedule I controlled substance.

2. On December 13, 2002, after a nine-day trial, a jury convicted me.

3. On March 4, 2003, this Court sentenced me to 151 months imprisonment and 5 years of supervised release to run consecutive to the aforementioned prison term.

4. On April 15, 2004, the United States Court of Appeals for the First Circuit affirmed the judgment, and no petition for writ of certiorari was filed to the United States Supreme Court.

5. On March 28, 2005, I sent a letter to my attorney, Mr. John F. Cicilline, requesting various documents in order to adequately prepare my motion to vacate pursuant to 28 U.S.C. § 2255. Mr. Cicilline did not respond to my request.

6. On July 12, 2005, the statute of limitation period had ran, and I was forced to file my motion to vacate pursuant to § 2255. In the motion, I raised seven grounds for relief, but was unable to set forth factual statements because I could not

recall every proceeding and testimony by mind, and my attorney refused to provide me with the needed documents in order to prepare my motion pursuant to § 2255. I respectfully submit that to force me to recall the testimony and trial proceedings in this case, without **one document** in my possession to support my allegations, is draconian.

7. On July 27, 2005, I filed before this Court a motion for enlargement of time, informing the Court of the problems that I was having in obtaining the documents from counsel, and arguing that this case meets "extraordinary circumstances" to warrant equitable tolling of the statute of limitations. See United States v. Battle, 362 F.3d 1195 (9th Cir. 2004). This Court denied the motion asserting that the Court "cannot" toll the statute of limitations. See Order on September 5, 2005.

8. On July 27, 2005, I filed before this Court a motion for production of documents at government expense. This Court granted this motion on September 7, 2005. To date, the government has not provided **one document** pursuant to this Court's order.

9. On or about September 6, 2005, the government filed its opposition to my motion pursuant to § 2255.

10. This case warrants an extension of time to file a traverse to the government's opposition. I cannot adequately respond to the government's opposition until I receive the documents ordered by this Court to be produced by the government. I need a minimum of 60 days in order to file my traverse. The interest of justice,

and the fundamental fairness of these proceedings, warrant a granting of this motion.

11. If this Court declines to grant an extension, I respectfully request an evidentiary hearing on the undisputed fact that Mr. Cicilline did not provide **one document** to me in order to prepare my pleadings before this Court. An evidentiary hearing on this matter, at the very least, is warranted.

I so declare this 13th day of September, 2005.

STEVEN J. SOUVE, Pro-Se

CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that a true and correct copy of the foregoing was mailed to the below named individual:

Gerard B. Sullivan
Assistant United States Attorney
United States Attorney's Office
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dated: September 13, 2005

STEVEN J. SOUVE, Pro-Se