Steven Souve, Pro-Se
Register No. 05069-070
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

**(HONORABLE RONALD R. LAGUEUX)**

| | |
|---|---|
| STEVEN SOUVE,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 05-0316L<br><br>**PETITIONER'S RESPONSE AND OPPOSITION TO GOVERNMENT'S OBJECTION TO PETITION FOR WRIT OF MANDAMUS PURSUANT TO 28 U.S.C. § 1361 TO COMPEL THE RESPONDENT TO COMPLY WITH THIS COURT'S ORDER GRANTING MOTION FOR PRODUCTION OF DOCUMENTS AT GOVERNMENT'S EXPENSE** |

COMES NOW, Steven Souve, Petitioner, Pro-Se, and respectfully moves this Honorable Court for an order overruling the government's objections to the petition for writ of mandamus. This response and opposition is based upon statement of facts, and memorandum of points and authorities.

## I.

## STATEMENT OF FACTS

On November 6, 2001, a federal grand jury in the District of Rhode Island returned a one-count indictment against the Petitioner for allegedly violating 21 U.S.C. §§§ 841(a)(1), 841(b)(1)(A) and 846, conspiracy to manufacture more than 1,000 marijuana plants and to possess with intent to distribute a schedule I controlled substance.

On December 13, 2002, after a nine-day trial, a jury convicted the Petitioner of the indictment.

On March 4, 2003, this Court sentenced the Petitioner to 151-months imprisonment and 5 years of supervised release to run consecutive to the aforementioned prison term.

On March 15, 2004, the United States Court of Appeals for the First Circuit affirmed the judgment of this Court.

On April 15, 2004, the First Circuit denied petition for rehearing en banc. No petition for writ of certiorari was filed to the United States Supreme Court.

On March 28, 2005, the Petitioner requested his file and all transcripts from former counsel, John F. Cicilline, to prepare for filing the pro-se motion to vacate pursuant to 28 U.S.C. § 2255. See Original Motion filed July 12, 2005, ATTACHMENT A. Mr. Cicilline did not comply with the Petitioner's request. See Original Motion, ATTACHMENT B, Declaration of Steven J. Souve.

On July 12, 2005, the Petitioner timely filed the motion to vacate pursuant to 28 U.S.C. § 2255. In the motion, the Petitioner raised seven grounds for relief, but was unable to list the facts supporting the grounds due to former defense counsel's refusal to produce the file to the Petitioner.

On September 6, 2005, the government filed an objection to the motion to vacate.

On September 9, 2005, this Court granted the Petitioner's motion to proceed in forma pauperis and motion for production of documents at government's expense. To date, the government has still not complied with this Court's order.

On November 8, 2005, the Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the government to comply with this Court's order of September 9, 2005.

On November 21, 2005, the government filed an objection to the mandamus. This response and opposition follows.

## II.

## MEMORANDUM OF POINTS AND AUTHORITIES

The government argues in its objection: (a) the motion for production of documents at government's expense did not identify the documents requested; (b) that the § 2255 motion be denied as untimely filed and procedurally defaulted to moot out the order granting production of the identified documents in the motion. This Court should overrule the objections.

**A. The Motion Granted By This Court Clearly Identified The Documents Sought And To Be Produced At Government Expense**

The government first argues that "Souve need only specifically identify the documents that he seeks and they will be provided so long as the documents are legally discoverable."[2] Id. The motion granted by this Court unequivocally identified the following documents:

(a) Indictment

(b) Presentence Investigation Report

(c) Trial Transcripts

(d) Sentencing Transcripts

(e) District Court's Docket Sheet

See Motion for Production of Documents at Government's Expense at *2. In the motion, the Petitioner also reserved the right to renew the motion if he discovered other documents needed to prepare the traverse. Id. Thus, the government's assertion that the Petitioner has not identified the requested documents granted by this Court is without merit.

**B. The Motion Pursuant To 28 U.S.C. § 2255 Was Timely Filed On July 12, 2005**

The government next argues that the § 2255 motion should be denied as untimely filed to moot out the order granting the motion for production of documents at government's expense. The objection

---

[2] It should be noted that the government now attempts to argue what it understands as "legally discoverable" at the Eleventh hour. The government had over two months to file any objections to the motion before it was granted by the Court. The government has waived any future objections.

should be overruled by this Court because the § 2255 motion was timely filed.

A federal conviction for the purposes of the one-year statute of limitations for filing a motion pursuant to 28 U.S.C. § 2255 becomes final when the time for filing a petition for writ of certiorari expires. See Clay v. United States, 537 U.S. 522 (2003). The conviction and sentence in this case was affirmed by the First Circuit on March 15, 2004. The petition for rehearing en banc was denied by the First Circuit on April 15, 2004. The First Circuit's mandate issued on April 22, 2004. The controlling date for the purposes of the holding in Clay, was April 15, 2004. Because no petition for writ of certiorari was filed, the 90-day entry of finality was on or about July 15, 2004; the denial of the petition for rehearing en banc. See Sup. Ct. Rule 13(1); Clay, 537 U.S. at 524. Thus, the Petitioner had until July 15, 2005, to file a motion to vacate pursuant to § 2255. The instant § 2255 motion was timely filed on July 12, 2005, pursuant to the prison mailbox rule, and is therefore timely. See Houston v. Lack, 487 U.S. 266 (1988). The government's objection fails to acknowledge the 90-day period under Clay, and should be overruled by this Court.

### C. The Petitioner Has Not Procedurally Defaulted His Claims Because The Motion Adequately Sets Forth All Grounds

The government next argues that the motion should be denied as procedurally defaulted, and the Petitioner faulted, because the government and former defense counsel refused to produce the

documents needed to prepare the § 2255 motion. This contention should be rejected by this Court or an evidentiary hearing should be held.

The Petitioner does not seek to add new grounds in his § 2255 motion when the government produces the documents he needs to file his traverse. Rather, the Petitioner will be moving this Court pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, to list all facts after review of the record, listing all facts supporting the listed grounds. Due to the undisputed circumstances of this case, the interest of justice would warrant allowing the Petitioner to assert the facts under Rule 15(c). See United States v. Thomas, 221 F.3d 430 (3rd Cir. 2000)(holding that the facts in a § 2255 motion may be amended after the statute of limitations has expired pursuant to Rule 15(c)).

On the other hand, if this Honorable Court declines to follow the holding in Thomas, then an evidentiary hearing is warranted due to defense counsel's failure to produce documents needed to prepare the § 2255 motion. See United States v. Battles, 362 F.3d 1195 (9th Cir. 2004)(holding that attorney's failure or refusal to provide habeas client with important parts of his legal file may rise to the level of extraordinary circumstances for equitable tolling of the statute of limitations, and remanding to the district court for an evidentiary hearing).

III.

CONCLUSION

For all reasons set forth, the Petitioner respectfully request that the Court overrule the government's objections. The government should be ordered to comply with this Court's order of September 9, 2005, granting motion for production of documents at government's expense. In the alternative, the Petitioner has requested an evidentiary hearing on the issue of former counsel's refusal to produce documents for preparation of the § 2255 motion.

Respectfully Submitted,

Dated: November 28, 2005

STEVEN SOUVE, Pro-Se

CERTIFICATE OF SERVICE

I hereby certify under the penalty of perjury that a true and correct copy of the foregoing was mailed to the below named individual:

Gerard B. Sullivan
Assistant United States Attorney
United States Attorney's Office
District of Rhode Island
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903

Dated: November 28, 2005

STEVEN SOUVE, Pro-Se